# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MARTHA HINOJOSA | § | |
| | § | |
| VS. | § | NO. A-10-CV-670 LY |
| | § | |
| WILBERT CHOWNING, et al. | § | |

## ORDER

Before the Court is MedStar Funding's Motion to Quash and Motion for Protective Order (Clerk's Doc. No. 16). The motion has been referred to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A). On May 16, 2011, the Court held a hearing. This order is entered to memorialize the ruling announced from the bench at the end of that hearing.

In the underlying lawsuit, the Plaintiff, Martha Hinojosa, has sued USA Trucking to recover for personal injuries she suffered in an accident with a USA Trucking vehicle. As part of her damages she is seeking to recover her medical costs. MedStar Funding is a medical receivable factoring company. It enters into agreements with plaintiffs and their medical providers to provide funding for medical costs incurred in an injury. As part of the arrangement, MedStar approaches a plaintiff's medical care provider and negotiates to purchase the account receivable and any assignment of interest the plaintiff may have executed with the medical provider. In this case, MedStar owns the accounts receivable for several medical providers who cared for Plaintiff.

In Texas, plaintiffs can only recover medical bills "paid or incurred." TEX. CIV. PRAC. & REM. CODE ANN. § 41.0105. The Defendants in the underlying suit intend to raise, or have already raised, an argument that they should not be held responsible for the full amount of the bills of the providers whose receivables Medstar purchased. In furtherance of that argument Defendants have sought to discover from MedStar information surrounding its funding of these medical costs. The

parties were before the Court at the end of 2011 on these issues. MedStar Funding had objected to the discovery propounded on it and filed motion to quash, but at the hearing on the motion MedStar agreed that it would produce the records of its agreements with the relevant providers, plus records indicating the amount it had paid for each of the receivables, all subject to a protective order. The Court therefore denied the earlier motion to quash as moot (Clerk's Doc. No. 15).

In the instant case, MedStar is again a third-party movant seeking protection from the Defendants' discovery requests. The Defendants have served additional document requests, along with a notice of deposition on MedStar's owner. Paraphrasing the long requests rather dramatically, the discovery seeks the following categories of information: (1) communications between MedStar and the Plaintiff or the Plaintiff's counsel, (2) communications between MedStar and the service providers, and (3) documents demonstrating MedStar's authority to perform its services (e.g. licenses from state agencies).

MedStar once again seeks to quash these requests and the notice of deposition, and asks the Court to issue a protective order. At the hearing on the motion, counsel for MedStar represented that it had provided all of the information it possesses responsive to the Defendants' requests. Moreover, when the Court pressed Defendants' attorney why it needed the additional material to raise the legal issue it is seeking to raise in the underlying suit, he was unable to provide any cogent explanation for the requests. Parties may request information "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b). The rule is broad, encompassing even inadmissible information "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Although the rule casts a wide net, the information must be relevant.

The Court finds that the information sought by Defendants is not relevant and will not reasonably lead to admissible evidence on these points. As noted, the "paid or incurred" issue is primarily a legal one, and once that legal issue is resolved by the trial court, there are only two numbers that could represent Hinojosa's "paid or incurred" medical bills: the full amount billed, or the discounted rate MedStar negotiated with the service provider. The Defendants already have both numbers. It seems plain to the Court that the Defendants want the information they are seeking because they or their counsel believe it may be pertinent to the larger policy question of whether the use of factoring companies to fund a plaintiff's medical care in a tort suit is consistent with the "paid or incurred" statute. That is a larger (mainly legislative) issue. Even assuming that the discovery might be pertinent to that issue, it is not discoverable in Ms. Hinajosa's suit against USA Trucking.[1]

Accordingly, MedStar Funding's Motion to Quash and Motion for Protective Order (Clerk's Doc. No. 16) is GRANTED. MedStar need not respond to any of the discovery requests which were the subject of the Motion to Quash. The Defendants are cautioned that any future attempts to obtain discovery on these issues that are not found to have basis will result in the award of sanctions.

SIGNED this 2nd day of June, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[1] And if that weren't enough, at the hearing MedStar's attorney represented to the Court that MedStar does not possess any information beyond that which it has already produced.